UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. JORDAN,<br><br>        Plaintiff,<br><br>v.<br><br>PETE GEREN, Acting Secretary,<br>Department of the Air Force,<br><br>        Defendant. | Civil No. 05-CV-2168-L(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE [doc. #14] and DIRECTING ENTRY OF JUDGMENT** |

    Plaintiff, initially appearing *pro se,* filed this action on November 23, 2005, alleging that his employment with the United States Air Force was wrongfully terminated because of his race and was discriminated against based upon his veteran status under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Plaintiff paid the filing fee and a summons was issued on November 23, 2005.

    In his amended complaint filed April 17, 2006, plaintiff brings claims for employment discrimination under Title VII; USERRA; conspiracy; disparate treatment; and intentional infliction of emotional distress. On March 29, 2006, filed a motion for appointment of counsel. On April 25, 2006, the Court denied plaintiff's request for appointment of counsel and noted that the record did not show that plaintiff had served defendant with the summons and complaint in conformity with the Federal Rules of Civil Procedure. The Court ordered plaintiff to show cause why this action should not be dismissed for failure to serve defendant properly.

On May 16, 2006, plaintiff, appearing *pro se*, filed a statement of good cause and a substitution of counsel: plaintiff is now represented by Joseph Giovanzzi.[1] The Court reviewed plaintiff's statement of cause and found that plaintiff's action should proceed. But by permitting this action to go forward, the Court did not foreclose defendant's right to challenge the timing and/or sufficiency of service of process or any other defense(s) that could be applicable.

Defendants now move to dismiss the amended complaint[2] for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1); failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and failure to effect proper service of process on the agency under Federal Rule of Civil Procedure 12(b)(5). Plaintiff opposes the motion. Having fully considered the matters presented, the Court enters the following decision.

## LEGAL STANDARD

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Under Rule 12(b)(1), the Court can dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In this case, Plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (stating that the burden of establishing jurisdiction rests on the party asserting it).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove

---

[1] Because plaintiff is now represented by counsel, Charles Jordan shall not file any document on his own behalf in this action.

[2] Counsel did not move to file an amended complaint once he had substituted in for plaintiff. Accordingly, plaintiff's amended complaint filed April 17, 2006 is the operative complaint.

no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

A complaint is subject to dismissal pursuant to Rule 12(b)(5) for insufficiency of service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (internal quotation marks and citation omitted).

## Background

Plaintiff contends he was discriminated against by the United States Air Force because of his race. (Complaint at 2, ¶ 4). Plaintiff was a Master Sergeant in the Air Force Reserves and also was employed full-time by the United States Postal Service. Plaintiff argues that he was forced to retire from the Air Force Reserves because of a disability that he incurred while in the

Reserves. It appears that plaintiff seeks to have his voluntary retirement from the Air Force Reserves converted to a medical retirement. (Complaint at 3-4, ¶¶ 13-17).

## Discussion

### 1.   Military Service

Defendant contends that issues arising from his military service are not protected under Title VII or the Federal Tort Claims Act ("FTCA") and accordingly these claims must be dismissed with prejudice.

#### A.   Title VII

The protection against employment discrimination provided by Title VII applies to civilian employees of the military, through 42 U.S.C. § 2000e16(a). *Gonzalez v. Dept. of Army*, 718 F.2d 926, 928 (9th Cir. 1983). But Title VII does not protect military personnel. *Id.* Congress expressly granted the EEOC rulemaking authority to implement and enforce Title VII. 2. 42 U.S.C. § 2000e-16(b). Pursuant to this grant of authority, the EEOC promulgated regulations defining the various forms of discrimination prohibited by Title VII and establishing the procedure for enforcement. In these regulations, the EEOC interprets Title VII as not applying to complaints of discrimination by active-duty service members:

> (a) Individual and class complaints of employment discrimination and retaliation prohibited by title VII shall be processed in accordance with this part
>
> (b) This part applies to:
>    (1) Military departments as defined in 5 U.S.C. 102;
>    (2) Executive agencies as defined in 5 U.S.C. 105;
>
> . . .
>
> (d) This part does not apply to:
>    (1) Uniformed members of the military departments referred to in paragraph (b)(1) of this section

29 C.F.R. § 1614.103.

By his own account, plaintiff was a master sergeant in the United States Air Force Reserves. (Complaint at 2). Accordingly, he was uniformed member of a military department and is explicitly excluded from coverage by EEOC regulations. See 29 C.F.R. § 1614.103(d). Plaintiff argues, however, that notwithstanding his rank with the Air Force Reserves, he should

be permitted to prove he was a civilian employee. But plaintiff had an opportunity to claim to be a civilian employee before the Merit Systems Protection Board ("MSPB") and the Federal Circuit. He was unable to prove civilian status before the MSPB and the Federal Circuit affirmed that he was not a civilian employee. As discussed below, plaintiff is prohibited by *res judicata* from arguing civilian status here.

Based on the foregoing, plaintiff's Title VII claim must be dismissed with prejudice.

### 2. FTCA

Claims brought against the United States under the FTCA are barred by the *Feres* doctrine, if plaintiff's injury was sustained incident to his military service. In *Feres v. United States*, 340 U.S. 135, 146 (1950), the United States Supreme Court held that the "Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," and thereby created an exception to the FTCA's broad waiver of sovereign immunity. The overall trend has been for courts to apply *Feres* broadly, and "immunize the United States and members of the military from any suit which may intrude in military affairs, second-guess military decisions, or impair military discipline." *Jackson v. Brigle*, 17 F.3d 280, 282 (9th Cir. 1994) (internal quotations and alterations omitted). "It has been so broadly construed that 'practically any suit that implicates . . . military judgments and decisions runs the risk of colliding with *Feres*.'" *Id*. (*quoting Persons v. United States*, 925 F.2d 292, 295 (9th Cir. 1991)). 28 U.S.C.A. §§ 1346, 2671 *et seq*. *Jackson v. U.S.*, 110 F.3d 1484 (9th Cir.1997) The question of whether the *Feres* doctrine is applicable to facts reflected in the record of a case is a question of law reviewed *de novo*. *Jackson v. Brigle*, 17 F.3d 280, 282 (9th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 187 (1994).

Here, there is no dispute that plaintiff's allegations of injury are incident to his military service in the Reserves. As plaintiff acknowledges:

> I am asking that the United States Air Force Reserves do the right thing and take responsibility for *injuries and ailments that I sustained while in the service of my country*. I was totally disabled both mentally and physically because of circumstances of my deployments to Cuba and the direct and illegal actions of the military and U.S. Postal personnel while in Cuba from Dec 1994 through Feb 23, 1995 and the illegal and unlawful discharges from my position as a Msgt. in the United States Air Force Reserves."

(Complaint at 3)(emphasis added).

Based on the foregoing, plaintiff's tort claims for intentional infliction of emotional distress and conspiracy must be dismissed for lack of jurisdiction.

### 2. *Res Judicata*

An action is barred by *res judicata* where "(1) the prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same 'claim' or 'cause of action' as the later suit." *Id.* at 888. In determining whether the prior and current cases involve the same claim or cause of action, courts look at the following factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *International Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993); *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). Of the four factors, the last factor is most important. *Constantini*, 681 F.2d at 1201.

Defendant argues that plaintiff's USERRA claim should be dismissed because it was considered and dismissed in a prior action, *i.e.,* plaintiff's August 2004 appeal against the Department of the Air Force to the Merit Systems Protection Board in which plaintiff alleged that he was forced to resign from his position in the Air Force Reserves after being injured while on active duty. (Defendant's Exh. A). The MSPB dismissed plaintiff's appeal finding that USERRA does not grant the Board jurisdiction over matters pertaining to non-civilian employees and plaintiff was a non-civilian. (Defendant's Exh. B). The Court of Appeals for the Federal Circuit affirmed the MSPB ruling in April 2006. (Defendant's Exh. C).

All four *res judicata* factors are present in the current situation and therefore, the Court will dismiss plaintiff's USERRA claim as barred by *res judicata.*

### 3. **Failure to Effectuate Service of Process**

Here, it is undisputed that plaintiff failed to effect service of process upon the agency.

Notwithstanding plaintiff's contention that requiring proper service of process is a mere formality, service of process is a jurisdictional requirement that cannot be bypassed for the convenience of plaintiff. For this reason, plaintiff's complaint will also be dismissed.

### Conclusion

Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss with prejudice. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 12, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL